**Richard TRUJILLO d/b/a Pacific Jewelry Services, Plaintiff,**

v.

**AMERICAN AIRLINES, INC., Defendant.**

**Civil Action No. 3:94–CV–0533–D.**

United States District Court, N.D. Texas, Dallas Division.

April 20, 1995.

---

Barbara Hoffman–Hill of Dallas, Tex., for plaintiff.

Thomas H. Stewart, Jr. of R. Bradley Lamberth, P.L.L.C., Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

FITZWATER, District Judge.

The instant motion for summary judgment presents the question whether an interstate air carrier's liability for a lost package is limited by the terms of an "Advance Air Waybill" (the "Waybill") and whether plaintiff's state-law claims are preempted. The court holds that defendant's liability on plaintiff's breach of contract claim is limited by the terms of the Waybill. In view of two recent *en banc* decisions by the Fifth Circuit, the court denies without prejudice the portion of defendant's motion based on preemption.

### I

Plaintiff Richard Trujillo d/b/a/ Pacific Jewelry Services ("Trujillo") brings this lawsuit against defendant American Airlines, Inc. ("American"), contending American is liable for the loss of a commercial package valued at $23,490. Trujillo seeks to recover from American on claims of violation of the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"), Tex.Bus. & Comm. Code Ann. §§ 17.41–17.63 (West 1987 & Supp.1995), breach of contract, negligence, and gross negligence. American moves for summary judgment, contending the Waybill executed in connection with the shipment limits its liability to the sum of $126.50 ($50 minimum liability plus $76.50 paid by Trujillo to American), and that Trujillo's claims based upon the DTPA and on theories of negligence and gross negligence are preempted by federal law.

### II

With regard to Trujillo's breach of contract action based upon the Waybill, American relies upon the "released value doctrine," contending its liability is limited to the sum of $126.50. This doctrine provides that a carrier may limit its liability by presenting the shipper with a reasonable opportunity to declare a value for a shipment that is above the maximum value set by the carrier, pay an additional fee, and insure the shipment at a higher rate. *See Hampton v.*

*Federal Express Corp.,* 917 F.2d 1119, 1121 (8th Cir.1990).

■ American contends the undisputed evidence shows that the Waybill set forth the limitations on American's carrier cargo liability in a reasonably communicative form, and that American offered Trujillo a choice of paying a higher rate for greater protection. It maintains that Trujillo was given a reasonable opportunity to declare a higher value for his package, but the declared value box was left blank. American relies on the First Circuit's decision in *Hill Constr. Corp. v. American Airlines, Inc.,* 996 F.2d 1315, 1317 (1st Cir.1993), urging that the material facts are similar to those presented here, and that the First Circuit's reasoning mandates the holding that American's liability is limited, as it contends.

■ Trujillo does not dispute that the "released value doctrine" applies to this case.[1] He denies, however, that he was made aware of the limitation of liability, or given a reasonable opportunity to choose between two or more levels of coverage. Trujillo also argues that he declared a higher value on the package but that American's employee negligently failed to fill in the Waybill properly. He urges that the cases on which American relies are distinguishable on their facts.

According to Trujillo, he had never before used American to ship a package. On March 31, 1993 he contacted American by telephone to request that it carry a package from Los Angeles International Airport to Dallas–Fort Worth International Airport. Trujillo was familiar with shipping packages via United Parcel Service ("UPS"), and using UPS software to prepare his own invoice report. The UPS invoice includes a declared value. In response to Trujillo's telephone call, an American employee prepared the Waybill. The employee asked Trujillo to declare a value, and plaintiff responded by declaring one. The American employee failed properly to complete the Waybill by filling in the declared value portion of the form. Trujillo requested the opportunity to purchase insurance for the shipment, but American's employee initially quoted a price and then refused to sell plaintiff insurance. When Trujillo's employee delivered the package to American, defendant gave the employee the Copy 7 (for second carrier), rather than the original Copy 2 (for consignee). The back of Copy 7 is blank, whereas the back of Copy 2 contains the limitations of liability language on which American now relies.

The court holds, based on its review of the summary judgment record, that the facts of the instant case are not materially different from those of *Hill,* and that the First Circuit's analysis of the law is correct. The court therefore determines that American's liability for breach of contract under the Waybill is limited to the sum of $126.50.

### III

The court now turns to American's assertion that Trujillo's Texas statutory and common law claims are preempted by the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C.App. § 1301 *et seq.,* 92 Stat. 1705 (codified at various sections of title 49 U.S.C.App.).[2]

In two *en banc* decisions filed after briefing of the instant motion was completed,[3] the Fifth Circuit addressed issues of ADA preemption of state-law claims. *Hodges v. Delta Airlines, Inc.,* 44 F.3d 334 (5th Cir.1995) (en

---

1. American complains that Trujillo's response was untimely, and therefore should not be considered by the court. D.Rep.Br. at 1–2. The court agrees that the response was due January 12, 1995 and was filed six days late, on January 18, 1995. The timing of plaintiff's response has not interfered with the court's decisional process, however, and American has had ample opportunity to file a reply brief. The court discerns no basis to decline to consider plaintiff's response.

2. American argues in the alternative that even if Trujillo's claims are not preempted, the theories

are not recognized under federal common law. The court will not decide this question today.

3. American filed its reply brief on February 1, 1995. The Fifth Circuit filed its opinions on February 15, 1995. American noted the pendency of one of the cases in its reply brief. *See* D.Rep.Br. at 6. It sought to distinguish the panel opinion in that case by pointing out that the Fifth Circuit was addressing tort claims based on the safety of persons. *Id.*

banc); *Smith v. America West Airlines, Inc.,* 44 F.3d 344 (5th Cir.1995) (en banc). Although the questions presented in these cases deal with preemption of tort actions based on negligence, the court deems it appropriate to deny this aspect of American's motion in order to allow an additional motion that addresses the reasoning and analysis of *Hodges* and *Smith.* Accordingly, the court denies without prejudice the portion of American's motion that seeks summary judgment holding that Trujillo's DTPA, negligence, and gross negligence claims are preempted.

\*     \*     \*     \*     \*     \*

American's motion for summary judgment is granted in part and denied in part.

**SO ORDERED.**